IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JACKIE GALLARDO                                                                                            PLAINTIFF
#664369

v.                                              4:23-cv-00383-KGB-JJV

JEFFERY MILLER, Deputy,
Pulaski County Regional Detention Facility; *et al.*                                          DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.      DISCUSSION**

Jackie Gallardo ("Plaintiff") has filed a *pro se* Second Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated while he was in the Pulaski County Regional Detention Center ("PCRDC"). (Doc. 6.) Specifically, Plaintiff says that beginning on March 1, 2023, Defendants Deputy Jeffery Miller, Dr. Gina Tilley, Dr. Absalom Tilley, Physician's Assistant Lauren Messersmith, and Bertha Lowe violated his Eighth Amendment rights by: (1) requiring him to climb stairs and sleep on the floor despite his physical limitations; (2) failing to give him proper fitting shower shoes, which caused him to fall; and (3) denying him

adequate medical care after he fell and injured his knee.[1]  (*Id.*)

Defendants have filed a Joint Motion for Summary Judgment arguing these remaining claims be dismissed without prejudice because Plaintiff failed to properly exhaust his available administrative remedies.  (Docs. 22-24.)  Plaintiff has not filed a Response, and the time to do so has expired.  Thus, the facts in Defendants' Statement of Facts (Doc. 24) are deemed admitted. *See* Local Rule 56.1(c); *Jackson v. Ark. Dept. of Educ., Vocational & Tech. Educ. Div.*, 272 F.3d 1020, 1027 (8th Cir. 2001).  And, as will be discussed herein, those facts are supported by the record.  After careful consideration and for the following reasons, I recommend the Joint Motion be GRANTED, Plaintiff's remaining Eighth Amendment claims be DISMISSED without prejudice, and this case be CLOSED.

**II.   SUMMARY JUDGEMENT STANDARD**

Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).  The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact.  *Celotex,* 477 U.S. at 323.  Thereafter, the nonmoving party cannot rest on mere denials or allegations in the pleadings, but instead, must come forward with evidence supporting each element of their claim and demonstrating there is a genuine dispute of material fact for trial.  *See* Fed R. Civ. P. 56(c); *Celotex*, 477 U.S at 322; *Holden v. Hirner,* 663 F.3d 336, 340 (8th Cir. 2011).  In this regard, a material fact dispute is

---

[1] I have previously entered a Partial Recommended Disposition suggesting all other claims and Defendants be dismissed without prejudice pursuant to screening mandated by 28 U.S.C. § 1915A. (Doc. 8.)  And that Recommendation is still pending.

"genuine" if "the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party." *Greater St. Louis Constr. Laborers Welfare Fund v. B.F.W. Contracting, LLC*, 76 F.4th 753, 757 (8th Cir. 2023).

### III.  DISCUSSION

#### A.  The Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to properly exhaust their administrative remedies as to each claim in the complaint and complete the exhaustion process prior to filing an action in federal court.  *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).  Importantly, the Supreme Court has emphasized "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Jones,* 549 U.S. at 218.  Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility.  *Id.*

#### B.  PCRDF's Grievance Policy

The PCRDF's grievance policy is found in Branch Directive D05-0001.  (Doc. 24-1, 24-4.)  A copy of that policy is provided to detainees when they arrive at the facility, and it is also

3

available in the law library. (Doc. 24-1 at 2; Doc. 24-4 a 2-3.) According to the PCRDF's policy, a detainee must file a grievance with the grievance officer or other designee within fifteen days of the grieved matter. (Doc. 24-4 at 4.) The policy does not require the detainee to name the involved parties, the date, or any other specific information. (*Id.*) But only one issue is supposed to be raised. (*Id.*) The grievance officer or designee must answer the grievance within ten working days, or sooner, if the grieved matter is deemed an emergency. (*Id.* at 5-6.) If the detainee is not satisfied, he or she may appeal to the Chief of Detention within ten working days. (*Id.* at 7.) The Chief of Detention or designee must respond within five working days, and that decision is the final step in the grievance procedure. (*Id.*)

### C.     **Plaintiff's Grievances**

The PCRDF Custodian of Records says in his sworn affidavit that Plaintiff filed several grievances about the claims raised in this lawsuit, but he did not appeal any of them as he was required to do by the PCRDF's grievance policy. (Doc. 24-1.) Plaintiff has not offered any contrary evidence. *See Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010) ("When the movant makes a *prima facie* showing of entitlement to summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact"). And my review of Plaintiff's complete grievance record, which has been filed by Defendants, confirms this to be correct. (Doc. 24-3.) Specifically, prior to commencing this lawsuit on April 21, 2023, Plaintiff filed eleven grievances about being housed on the second level, not being provided with proper shower shoes, and being denied adequate medical care after falling. (Doc. 24-3 at 5, 10-16.) But after receiving an initial response, Plaintiff either "closed" the grievance or did not pursue an appeal as he was required to do by the PCRDF's exhaustion policy. (*Id.*)

4

The law is well settled. Before commencing a lawsuit in federal court, a prisoner must fully and properly exhaust his administrative remedies in accordance with the rules of the incarcerating facility. *See Woodford*, 548 U.S. at 90 (proper exhaustion under the PLRA "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits"); *Johnson,* 340 F.3d at 627 ("Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court. . . . If exhaustion was not completed at the time of filing, dismissal is mandatory"). Based on the undisputed evidence, it is clear Plaintiff did not do so.

### D. Unavailability

That is not the end of the analysis because the PLRA only requires prisoners to exhaust their "available" administrative remedies. 42 U.S.C. § 1997e(a). Administrative remedies are unavailable if, for instance: (1) the grievance procedure "operates as a dead end;" (2) the procedure is "so opaque that it becomes . . . incapable of use;" or (2) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 642 (2016); *Townsend v. Murphy*, 898 F.3d 780, 783 (8th Cir. 2018). Plaintiff has not offered any evidence or explanation as to why administrative remedies were unavailable to properly exhaust his Eighth Amendment claims against Defendants before he filed this lawsuit. (Docs. 2, 4, 6.) Therefore, I conclude Defendants are entitled to summary judgment. *See Jones*, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"); *King v. Iowa Dept. of Corr.*, 598 F.3d 1051, 1052 (8th Cir. 2010) (under the PLRA, § 1983 actions concerning prison conditions "shall not be brought" by an inmate "until such administrative remedies are available are exhausted").

That being said, I realize Plaintiff may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court. To the contrary, the exhaustion requirement plays a critical role in the remedy process. The Eighth Circuit has explained this important role as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Johnson*, 340 F.3d at 626-27; *see also Woodford*, 548 U.S. at 88 ("Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures").

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   Defendants' Joint Motion for Summary Judgment (Doc. 22) be GRANTED; Plaintiff's Eighth Amendment claims against Defendants Miller, Dr. Gina Tilley, Dr. Absalom Tilley, Messersmith, and Lowe be DISMISSED without prejudice; and this case be CLOSED.

2.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

Dated this 8th November 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE